IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

CODY DEWAYNE FORTMAN #115469          §

VS.                                   §          CIVIL ACTION NO. 6:24cv236

GREGG COUNTY SHERIFF'S OFFICE, et al. §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Cody Dewayne Fortman, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

The operative pleading is Plaintiff's amended complaint, in which he alleges that on January 27, 2024, as Plaintiff was shackled and being booked into the Gregg County North Jail, Deputy Kevin Hoover grabbed his buttock and whispered a sexually suggestive comment in Plaintiff's ear. (Dkt. #8 at 4.) Hoover then forcefully yanked the back of Plaintiff's pants up. (*Id.* at 5–6.) Because Plaintiff was wearing a belly chain, the yanking of his pants caused soreness in his lower back, for which he took Tylenol for days. (*Id.* at 6.) He alleges that Deputy Kyle Carmichael and Corporal Devon Fuller were present for Hoover's actions, but Fuller just smiled and laughed and neither did anything to stop Hoover. (*Id.* at 5.)

Plaintiff characterizes Hoover's action as sexual harassment and claims that it caused him humiliation, degradation, fear, trouble sleeping, depression, anxiety, and psychological distress

that led him to be put on suicide watch for more than thirty days. He seeks $3 million in damages. (*Id.* at 4.) Although his original pleading named the Gregg County Sheriff's Office as a Defendant, his amended complaint omits any claim against the Sheriff's Office and names only Hoover, Fuller, and Carmichael as Defendants.[1]

## II. Legal Standards and Preliminary Screening

Because Plaintiff is an inmate seeking redress from an officer or employee of a governmental entity, his claim is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his claim is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

---

[1] To the extent that Plaintiff might still seek any relief from the Gregg County Sheriff's Office, that claim should be dismissed on the basis that the sheriff's office is not a jural entity subject to suit. *See*, e.g., *Crocker v. Smith*, No. 6:21-CV-00046, 2021 WL 4954324, at *1 (E.D. Tex. Oct. 25, 2021) (granting motion to dismiss "with respect to the Smith County Sheriff's Department because it is not a jural entity subject to suit under § 1983").

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

### III. Discussion and Analysis

The State has a recognized interest in detaining defendants for trial and a consequent responsibility to "tend to essentials of their well-being" while they are incarcerated. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). The State thus owes a duty to pretrial detainees "that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Id.*

The constitutional rights of a pretrial detainee such as Plaintiff stem instead from the Fourteenth Amendment. *Hare*, 74 F.3d at 639. Since pretrial detainees have not been convicted of a crime, their conditions of confinement cannot be used as punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Under the Fourteenth Amendment, pretrial detainees have at least the same amount of protection as convicted prisoners have under the Eighth Amendment. *Hare*, 74 F.3d at 639.

The Fifth Circuit has explained the framework for analyzing constitutional claims brought by pretrial detainees:

> We begin by determining whether to classify the challenge as an attack on a "condition of confinement" or an "episodic act or omission." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999) (citing *Scott v. Moore*, 114 F.3d 51, at 53 (5th Cir. 1997) (en banc)). For example, when a detainee complains of the number of bunks in a cell or mail privileges that is best characterized as a complaint about general conditions of confinement. *Scott*, 114 F.3d at 53. However, where the complaint is one concerning a particular act or omission by one official it is properly characterized as an "episodic act or omission." *Id.*

*Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000).

In a case alleging an "episodic act or omission" by a jail official, as Plaintiff alleges here, a detainee must show that the official acted with "deliberate indifference" to a substantial risk of serious harm to the detainee. *Hare*, 74 F.3d at 636 (citing *Farmer v. Brennan*, 511 U.S. 825, 828

4

(1994)). Specifically, to state a constitutional claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.* at 648 (quoting *Farmer*, 511 U.S. at 834); *see Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A finding of deliberate indifference requires more than mere negligence—the jail official must: (1) be subjectively aware that the detainee faces a substantial risk of serious harm; and (2) disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837; *see also Hare*, 74 F.3d at 648!49. ("Though *Farmer* dealt specifically with a prison official's duty under the Eighth Amendment to provide a convicted inmate with humane conditions of confinement, we conclude that its subjective definition of deliberate indifference provides the appropriate standard for measuring the duty owed to pretrial detainees under the Due Process Clause."). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992))." *Petry v. Couvillon*, No. CIV.A. 09-1960, 2010 WL 2710395, at *5 (W.D. La. May 17, 2010), *report and recommendation adopted*, No. CIV.A. 09-1960, 2010 WL 2710392 (W.D. La. July 6, 2010).

Plaintiff's allegations do not establish a constitutional violation under that standard. To violate the constitution, sexual harassment by a guard must be "severe or repetitive," *Toson v. Freeman*, No. 1:22-CV-00085-BU, 2023 WL 4998063, at *3 (N.D. Tex. July 24, 2023), *appeal dismissed*, No. 23-10800, 2024 WL 140441 (5th Cir. Jan. 12, 2024), or "egregious, pervasive and/or widespread." *Palmer v. O'Connor*, No. 2:11-CV-2927 KJN P, 2013 WL 4012825, at *3 (E.D. Cal. Aug. 6, 2013). Thus, a single offensive sexual touch by a guard is not sufficiently

egregious to offend the constitution. *See Cummings v. Bullock*, No. 3:15-CV-2245, 2019 WL 127112, at *6 (M.D. Pa. Jan. 8, 2019) (finding no violation where officer "touched Plaintiff's buttocks through his pants and made a suggestive comment"); *Williams v. J.P. Kane*, No. 95CIV0379, 1997 WL 527677, *9 (S.D.N.Y. Aug. 25, 1997) (holding claim that male inmate was fondled on single occasion by male guard during pat-frisk does "not involve a harm of federal constitutional proportions"); *Kaestner v. Mitchell*, 1996 WL 428357, at * 1 (N.D. Cal. Jul. 24, 1996) (finding no violation where guard stood unnecessarily close to plaintiff and grabbed his buttocks). Claims that a guard rubbed an inmate's "knee and thigh in a sexual manner" and offered to have the inmate brought to his office later that night—an incident alleged to make the inmate feel "degraded, humiliated, and mentally distressed" despite lasting only "for a fleeting moment in time"—are thus considered frivolous. *Petry*, 2010 WL 2710395, at *5. And the alleged comment by Hoover, regardless of its sexual nature, does not violate the Constitution. *Jane Doe 5 v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004) (affirming dismissal of claim of verbal sexual harassment in jail); *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir.1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983.").

Plaintiff's claim that Hoover violated his constitutional rights by pulling his pants up is likewise frivolous. "Force against a pretrial detainee is 'excessive' and a violation of the Fourteenth Amendment when the force was objectively unreasonable." *Fairchild v. Coryell Cnty.*, 40 F.4th 359, 362–63 (5th Cir. 2022) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)). Some of the factors relevant to whether force is unreasonable are "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff

was actively resisting." *Kingsley*, 576 U.S. at 397. Here, the force used—pulling up an inmate's pants—was *de minimis*, as was the alleged "injury" it caused.

The Fifth Circuit and district courts within it have consistently dismissed cases where the inmate alleges nothing more than a *de minimis* injury. *See*, *e.g.*, *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming of excessive force claim where injury consisting of "a sore, bruised ear lasting for three days" was *de minimis*); *Welsh v. Correct Care Recovery Solutions*, 845 F. App'x 311, 318 (5th Cir. 2021) (bruising and swelling lasting for one week were *de minimis*); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (sore muscles, scratches, abrasions, and bruises are *de minimis* injuries and are insufficient to support an excessive force claim). The temporary back ache described by Plaintiff clearly falls into that category. *See Luong*, 979 F. Supp. at 486 (including pulled muscles and back aches in list of *de minimis* injuries).

And finally, because Hoover's actions did not violate Plaintiff's constitutional rights, Defendants Fuller and Carmichael did not violate his rights by failing to intervene. See Davis v. Cannon, 91 F. App'x 327, 329 (5th Cir. 2004) ("As Steele's actions did not constitute excessive force, Reed and Campbell are not liable for failing to intervene and protect Davis.").

## IV. Conclusion

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim upon which relief can be granted. Dismissal is appropriate where Plaintiff has already had a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that this lawsuit be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b) as frivolous and for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of August, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE