IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CODY DEWAYNE FORTMAN, #115469 | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:24-cv-236-JDK-JDL |
| GREGG COUNTY SHERIFF'S OFFICE, et al., | § § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cody Forman, a Gregg County Jail inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On August 23, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim upon which relief can be granted. Docket No. 9. Plaintiff filed written objections. Docket No. 12.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge recommended dismissal because the incidents underlying Plaintiff's pleading—that a defendant once touched his buttock while making a sexually suggestive remark and then forcefully pulled up his pants—was not sufficiently egregious or painful to violate the constitution. Docket No. 9 at 5–7. Plaintiff's objection urges that a single incident of sexual abuse may violate an inmate's constitutional rights. Docket No. 12 at 2. But this point does not conflict with the Magistrate Judge's Report, which explained that such abuse must be "severe *or* repetitive" to offend the constitution. Docket No. 9 at 5 (emphasis added) (quoting *Toson v. Freeman*, 2023 WL 4998063, at *3 (N.D. Tex. July 24, 2023)).

Plaintiff's only dispute, therefore, is with the Magistrate Judge's finding that the Defendant's alleged actions in this case were not sufficiently severe to state a claim. But in the cases cited by Plaintiff involved harassment that was either repetitive or materially more egregious than what he alleges. *See Crawford v. Cuomo*, 796 F.3d 252, 257–58 (2d Cir. 2015) (finding a single incident of more severe sexual abuse was "sufficiently serious"); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (same); *Berry v. Oswalt*, 143 F.3d 1127, 1131 (8th Cir. 1998) (repeated harassment); *Bromell v. Idaho Dep't of Corr.*, 2006 WL 3197157, at *1 (D. Idaho Oct. 31, 2006) (describing more serious sexual harassment). None of these cases supports the proposition that a single sexual remark and touch of Plaintiff's buttock was sufficiently severe to violate his constitutional rights.

Plaintiff's claim is more aligned with the cases cited by the Magistrate Judge and many other cases from this circuit that found no violation. *See* Docket No. 9 at 6 (citing, e.g., *Cummings v. Bullock*, 2019 WL 127112, at *6 (M.D. Pa. Jan. 8, 2019) (finding no violation where officer "touched Plaintiff's buttocks through his pants and made a suggestive comment")); *Allen v. Johnson*, 66 F. App'x 525 (5th Cir. 2003) ("Allen's claim of sexual abuse was properly dismissed because, even if it is assumed that Theodore Johnson touched him in a sexual manner during routine pat-down searches, Allen has not alleged sufficiently serious assaultive behavior or resulting injury to show a constitutional deprivation."); *Burke v. Soland*, 2023 WL 3391467, at *3 (S.D. Tex. May 11, 2023), (dismissing claim prisoner alleged officer "sexually assaulted him by grabbing his 'behind' while escorting him to receive treatment"); *Hayes v. Kroll*, 2021 WL 5494783, at *3 (S.D. Tex. Nov. 20, 2021) (finding no "objectively, sufficiently serious conduct to establish a constitutional violation" in single instance where "Kroll placed his hand in the crack of his buttocks or anus when Hayes bent over to gather his clothes after a strip search").

The Magistrate Judge also correctly found that both the force described and the alleged backache that resulted from it were *de minimis*, and that the other Defendants cannot be liable for failing to prevent actions that were not themselves constitutional violations. Docket No. 9 at 6–7.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly,

the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 9) as the opinion of the District Court.  Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **2nd**  day of **October, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE